UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DAVID BUSH

    Plaintiff,

v.                604CV156

HUGH SMITH and STEVE ROBERTS,

    Defendants.

## ORDER

### I. BACKGROUND

In this 42 U.S.C. § 1983 case, inmate-plaintiff David Bush alleges that, while he was housed at the Georgia State Prison in Reidsville, Georgia (GSP), defendant prison officials Hugh Smith and Steve Roberts failed to protect him from violent attacks by other inmates. Doc. # 32 at 4-6. Because the defendants failed to observe scheduling deadlines, the Magistrate Judge denied their motion for leave to file an out-of-time summary judgment motion. Doc. # 27.

Thus, the case is ready for trial, and the parties have filed an amended proposed consolidated Pretrial Order (PTO). Doc. # 32. In it Bush insists that

> Defendants Warden Smith and Deputy Warden Roberts having direct authority over the security staffing levels and other security measures at the Georgia State Prison, deliberately departed from the minimum safe security staffing levels and other security measures at the Georgia State Prison necessary to provide security to Plaintiff and other similarly situated inmates at the Georgia State Prison as established and mandated in *Guthrie v. Evans*, United States District Court for the Southern District of Georgia, Civil Action No. 3068, in which Judge Alaimo set minimum standards for staffing requirements and other security measures that were absolutely necessary for the security of the inmates at the Georgia State Prison. After monitoring under *Guthrie v. Evans* of Georgia State Prison was discontinued in 1998, the minimum security staffing levels and other necessary security measures have been totally disregarded and violent attacks as well as killings are at or near an all time high.

Doc. # 32 at 6.

Also in the PTO, defendants have announced their intention to pursue, at trial, an F.R.Civ.P. 50(a)(1) Judgment as a Matter of Law motion on the grounds that Bush failed to administratively exhaust his claims. *Id.* at 13 ¶ 18 & exh. D. In that vein, they move the Court to reconsider its denial of their motion for leave to file an untimely motion for summary judgment (MSJ). The MSJ is premised on the following grounds: (1) exhaustion; (2) qualified immunity; and (3) the claim's merits. Doc. # 28 (attached brief at 8-20). Defendants also move *in limine* to exclude any evidence of the above-mentioned *Guthrie* Order, as well as a stipulation from another case. Doc. # 31.

Finally, both sides agree that the Court should dismiss the John Doe and Jane Doe defendants for lack of service. Doc. # 32 at 2, 4. And, they have basically agreed that Bush "cannot recover damages for [an] alleged April

10, 2004 incident referenced in paragraph eleven of the Complaint," nor is it relevant to the two other attacks for which he seeks recovery, so no evidence will be adduced on that score. Doc. # 32 at 2.

## II. ANALYSIS

### A. Case Management

The Court dismisses without prejudice the "Doe" defendants and has amended the above caption accordingly. All subsequent filings shall conform. The Court also dismisses with prejudice any claim arising from the above-mentioned, "April 10, 2004 incident." It also excludes any mention of it at trial.

### B. Administrative Exhaustion

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 126 S.Ct. 2378, 2386 (2006). However, an inmate's failure to exhaust available administrative remedies before filing suit is an affirmative defense that is waiveable. *Handberry v. Thompson*, 446 F.3d 335, 342 (2nd Cir. 2006); *Green v. Schwartz*, 138 Fed.Appx. 184, 185 (11th Cir. 2005) (security officers and medical personnel waived claim that inmate failed to exhaust administrative remedies before filing § 1983 action, where issue was raised in untimely summary judgment motion, and officers and medical personnel did not raise exhaustion defense in motion for judgment as a matter of law); *Lira v. Herrera*, 427 F.3d 1164, 1171 (9th Cir. 2005); *Rose v. Saginaw County*, 232 F.R.D. 267, 277-78 (E.D.Mich. 2005) (prison officials waived administrative exhaustion defense by failing to raise it until three years after filing of amended complaint) (collecting cases), *cited in* 5 WRIGHT & MILLER: FEDERAL PRAC. & PROC. § 1278 (*Effect of Failure to Plead an Affirmative Defense*) (2007).

Here, however, the defendants *did* raise the defense -- in their Answer. *See* doc. # 4 at 3 ("Eleventh Defense"). And they were not legally compelled to litigate that defense by way of a summary disposition motion (*e.g.*, to dismiss, or for summary judgment).

Instead, like any other defendant, they were entitled to wait for a Rule-50(a)(1) ruling at trial. The fact that most litigants seek to spare themselves litigation expense by *not* waiting until trial does not alter that fact. Waiting may seem irrational, given the expense of a trial and the litigation risks arising from it. But defense counsel don't always operate in their client's best interests,[1] and sometimes not educating an opponent ahead of trial (when it is doubtful that an MSJ will succeed) is a good strategy.

In any event, the interest in enforcing summary-disposition filing deadlines must be balanced against the cost to the public (assembling citizens to sit on a jury; consumption of court resources) that results when courts, for the sake of enforcing a missed MSJ deadline against a slacker-lawyer, force on his client (here the people of Georgia) a trial that would otherwise be obviated by reaching a dispositive defense.

To that end, the Court has preliminarily reviewed defendants' MSJ and finds that it is not baseless and in fact worth addressing.

---

[1] *See Byrne v. Nezhat*, 261 F.3d 1075, 1129 n. 103 (11th Cir. 2001) ("Lawyers being compensated by the hour may have little incentive to curb the use of shotgun pleadings and the discovery disputes that inevitably result").

2

Reaching it may well spare the parties and the public the expense of a trial here. And if it is granted, it will moot the aforementioned *in limine* motion.

### III. CONCLUSION

Accordingly, the Court **GRANTS** the renewed motion (doc. # 28) of defendants Hugh Smith and Steve Roberts for leave to file out of time their motion for summary judgment. Plaintiff shall respond within 20 days from the date this Order is served. *See* S.D.GA.LOC.R. 7.5 (MSJ response time). In light of this result, the defendants' motion *in limine* (doc. # 31) is, on mootness grounds, denied without prejudice.

In addition, the Court dismisses without prejudice the "Doe" defendants and has amended the above caption accordingly. All subsequent filings shall conform. The Court also dismisses with prejudice any claim arising from the above-mentioned, "April 10, 2004 incident" and excludes any mention of it at trial. Finally, the Court re-refers this case to the Magistrate Judge for fast-track MSJ processing.

This 23 day of May, 2007

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA