# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| DAVID B. BUSH,<br><br>    Plaintiff,<br>v.<br><br>HUGH SMITH and STEVE ROBERTS,<br><br>    Defendants. | )<br>)<br>)<br>)   Case No. CV604-156<br>)<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

Defendants have filed a motion for summary judgment. Doc. 28. As the motion includes an allegation that plaintiff has failed to exhaust his administrative remedies as to one of his claims, the Court must construe the filing as both a motion for summary judgment and a Rule 12(b) motion. Plaintiff has responded in opposition to defendants' motion. Doc. 43. For the reasons that follow, defendants' motion should be **GRANTED**.

## I. BACKGROUND

Plaintiff, an inmate at the Georgia State Prison, alleges that he was attacked by fellow inmates on two occasions due to dangerously low prison

staffing levels. Doc. 1. The first attack occurred on February 24, 2004. <u>Id.</u> at 3. Michael Howard entered plaintiff's cell and "clubbed him with an iron pipe multiple times." <u>Id.</u> The brutal attack resulted in severe injuries that required treatment at Vidalia Regional Medical Center. <u>Id.</u> at 5. The second attack occurred on September 2, 2004. <u>Id.</u> at 6. Plaintiff, in a "victim impact class" with no security guards present, was attacked by inmate Robert Rush. <u>Id.</u> Subsequently, plaintiff was taken to the prison medical facility for treatment. <u>Id.</u>

Plaintiff filed suit pursuant to 28 U.S.C. § 1983 against Warden Smith and Deputy Warden Roberts. <u>Id.</u> at 6-13. Plaintiff claims that Smith and Roberts were deliberately indifferent toward a substantial risk of serious harm to plaintiff by permitting the prison to remain dangerously understaffed and by failing to assign officers at all times to the victim impact class.

## II. DEFENDANTS' 12(b) MOTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

### A. Preliminary Legal Framework

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, requires

administrative exhaustion in all inmate suits concerning prison life. See Porter v. Nussle, 534 U.S. 516, 523-24 (2002). Furthermore, the PLRA "requires proper exhaustion." Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006). An inmate must "us[e] all steps" in the administrative process and comply with any administrative "deadlines and other critical procedural rules" before exhaustion is proper. Id. at 2385-86 (internal quotation omitted). Thus, if an inmate has filed an "untimely or otherwise procedurally defective administrative grievance or appeal," he has not properly exhausted his administrative remedies. Id. at 2382; see also Lambert v. United States, 198 F. App'x 835, 840 (11th Cir. 2006) (proper exhaustion requires filing grievance "under the terms of and according to the time set by BOP regulations"). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005); Simpson v. Holder, 200 F. App'x 836, 839-840 (11th Cir. 2006). "[A] Georgia prisoner 'must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures'" in order to exhaust his administrative remedies

properly. Salas v. Tillman, 162 F. App'x 918, 920 (11th Cir. 2006) (quoting Johnson, 418 F.3d at 1159).

In Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), the Ninth Circuit considered the proper pretrial motion for asserting that a prisoner has failed to exhaust his administrative remedies under the PLRA. A Rule 56 motion for summary judgment only permits a court to determine the existence of any issues of material fact but precludes a court from deciding disputed factual issues. Fed. R. Civ. P. 56. Accordingly, the Terhune court reasoned "that the failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an *unenumerated* Rule 12(b) motion rather than a motion for summary judgment." Terhune, 315 F.3d at 1119 (emphasis added). As a 12(b) motion contesting a prisoner's exhaustion of administrative remedies does not reach the merits of his underlying claim, "the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1120; Priester v. Rich, 457 F. Supp. 2d 1369, 1377 (S.D. Ga. 2006), aff'd, 2007 WL 1558718 (11th Cir. May 31, 2007). Furthermore, a Rule 56 movant seeks a *judgment* on the merits, whereas a motion contesting exhaustion is seeking dismissal on

a ground unrelated to the merits of the suit. Thus, while awarding summary judgment on a claim would have a preclusive effect on any later action, the granting of a motion to dismiss for lack of exhaustion is a matter of abatement which will not prevent the claim from being reasserted once the defect is remedied. See 5C Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2713 (2d ed. 1994). If the resolution of the motion leads the Court to conclude that the prisoner has not exhausted his administrative remedies, the Court should then dismiss the prisoner's claim without prejudice.

B. **Analysis**

Plaintiff alleges that he was attacked by fellow inmate Robert Rush on September 2, 2004 in a "Victim Impact Class." Doc. 1 at 6. Defendants contend that plaintiff did not submit a grievance regarding the attack and this oversight resulted in failure to exhaust his administrative remedies under the PLRA.[1] Doc. 28.

According to the grievance procedure in place at Georgia State Prison, inmates are required to file an informal grievance "no later than 10

---

[1] It is undisputed that plaintiff filed a grievance regarding the February 24, 2004 attack by inmate Howard.

calender days from the date the offender knew, or should have known, of the facts giving rise to the grievance." SOP IIB05-0001. Upon being admitted to Georgia State Prison, plaintiff received an oral explanation of the grievance process as well as a copy of an instructions handbook. Doc. 37 ex. F ¶ 5 (Kirkley Aff.). After reviewing plaintiff's grievance history, Grievance Coordinator Anessa Kirkley found that plaintiff did not file a grievance relating to the attack on September 2, 2004. Id. at ¶ 7. Plaintiff has not provided any evidence to the contrary. Failure to file a grievance is fatal to this claim; thus it should be **DISMISSED** without prejudice.[2]

## III. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### A. Preliminary Legal Framework

Rule 56(c) of the Federal Rules of Civil Procedure requires a court to enter summary judgment where the record, taken as a whole, establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "An issue of fact is

---

[2] The Supreme Court made clear in Jones v. Bock, 127 S. Ct. 910, 925-26 (2007), that failure to exhaust one out of multiple claims does not require the dismissal of the entire case. There is no "total exhaustion" requirement in § 1997(e). Therefore the Court must continue the inquiry by analyzing defendants' motion for summary judgment as to the exhausted claim.

'material' if it might affect the outcome of the case under the governing law. . . . It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the non-moving party." Baker v. Sears, Roebuck & Co., 903 F.2d 1515, 1518 (11th Cir. 1990) (citations omitted).

The moving party "always bears the initial responsibility of informing the [trial] court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has shown that the party bearing the burden of proof at trial lacks evidence on an essential element of his claim, the burden of production shifts to the nonmoving party "to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Rule 56(e)).

"Although reasonable inferences to be drawn from the facts must be viewed in the light most favorable to the non-moving party, that party 'must present affirmative evidence in order to defeat a properly supported motion for summary judgment' to show that there is a genuine issue for

trial." Tidmore v. BP Oil Co./Gulf Prods. Div., 932 F.2d 1384, 1387 (11th Cir. 1991) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986)). A mere scintilla of evidence supporting the non-moving party's position will not fulfill its burden. Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). The Court must consider the entire record in the case, not just those portions of the record which have been singled out for attention by the parties. Baker, 903 F.2d at 1519.

B.   Analyisis

The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishments on prisoners. Campbell v. Sikes, 169 F.3d 1353, 1362 (11th Cir. 1999). "When prison officials become aware of a threat to an inmate's health and safety, the Eighth Amendment's proscription against cruel and unusual punishment imposes a duty upon those officials to provide reasonable protection." Brown v. Hughes, 894 F. 2d 1533, 1537 (11th Cir.), cert. denied, 496 U.S. 928 (1990). Specifically, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (citations omitted).

In order to state a claim under the Eighth Amendment, the Supreme Court requires a showing that a prison official was deliberately indifferent to a substantial risk of serious harm to an inmate. Id. at 836 (1994). That is, a prison official "may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847; Marsh v. Butler County, 268 F.3d 1014, 1028 (11th Cir. 2001). Accordingly, to survive a motion for summary judgment on an Eighth Amendment claim brought pursuant to § 1983, plaintiff must "produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

Plaintiff must show that the conditions of his incarceration present a "substantial risk of serious harm" to him. Farmer, 511 U.S. at 834. It is well settled that "confinement in a prison where violence and terror reign" presents a substantial risk of serious harm to a prisoner. Purcell *ex rel.* Estate of Morgan v. Toombs County, 400 F.3d 1313, 1320 (11th Cir. 2005)

(citations omitted). While an "excessive risk of inmate-on-inmate violence at a jail creates a substantial risk of serious harm," "occasional isolated attacks by one prisoner on another may not constitute cruel and unusual punishment." Purcell, 400 F.3d at 1320-23. Here, plaintiff has not presented any evidence indicating a "constant threat of violence" to prisoners created by prison understaffing.[3] Though plaintiff was attacked on two separate occasions, he fails to bring forward any evidence demonstrating that these two attacks were anything more than an unfortunate coincidence.

Furthermore, plaintiff has not shown that defendants were subjectively aware that the prison was dangerously understaffed or that they had any reason to believe that Howard posed a substantial risk of serious harm to plaintiff (assuming that inmate Howard independently posed a substantial risk of serious harm to plaintiff). Plaintiff must demonstrate that the defendants subjectively "[knew] of and [disregarded] an excessive risk to inmate health or safety." Farmer, 511 U.S. at 834, 837;

---

[3] Most of plaintiff's evidence related to expert reports and other findings in past cases regarding Georgia State Prison staffing levels. This evidence was excluded from the record in this case. Doc. 47.

Carter v. Galloway, 352 F.3d 1346, 1350 (11th Cir. 2003). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 834, 837. The Eighth Amendment requires this subjective element because it "does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" Id. at 838. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment." Id.

Plaintiff must show that the defendants: (1) had subjective knowledge of a risk of serious harm and (2) disregarded that risk (3) by conduct that is more than mere negligence. Ralk v. Lincoln County, 81 F. Supp. 2d 1372, 1377 (S.D. Ga. 2000) (quoting McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999)). This subjective component of deliberate indifference is satisfied by "something more than mere negligence, [but] the cases are also clear that it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835. "Subjective recklessness" is the appropriate test

under the Eighth Amendment. Id. at 839-40. The test requires the same mental state as criminal recklessness: "the official must both be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

First, although plaintiff's complaint alleges that defendants knew that the prison was dangerously understaffed and that the understaffing could lead to serious constitutional deprivations, doc. 43 at 4-5, he fails to provide any affirmative evidence "that a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past."[4] Farmer, 511 U.S. at 842 (internal quotation marks omitted). Second, plaintiff presents no affirmative evidence that the defendants were subjectively aware that inmate Howard posed any risk to plaintiff.[5] Accordingly, plaintiff cannot establish the subjective element of his Eighth Amendment claim.

---

[4] In their affidavits, defendants assert that they had no reason to believe that guards were not completing their assignments or failing to prevent inmate-on-inmate attacks. Doc. 37 exs. A, B at ¶ 5. Defendants also state that they had no reason to believe that current staffing levels were dangerously low. Id.

[5] In their affidavits, defendants state that prior to the attack on February 24, 2004, they had no reason to believe that inmate Howard would attack plaintiff. Doc. 37 exs. A, B at ¶ 5.

As plaintiff has not provided sufficient evidence that the defendants were aware of a substantial risk of harm to plaintiff or that defendants were deliberately indifferent to that risk, defendant's motion for summary judgment should be **GRANTED**.

## IV. CONCLUSION

Based on the foregoing, defendants' 12(b) motion and motion for summary judgment should be **GRANTED**.

**SO REPORTED AND RECOMMENDED** this ___2nd___ day of November, 2007.

>     /s/ G.R. SMITH
> **UNITED STATES MAGISTRATE JUDGE**
> **SOUTHERN DISTRICT OF GEORGIA**